79 F.3d 1155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy SMITH, Defendant-Appellant.
 No. 95-10144.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1996.
Decided March 13, 1996.
 
 1
 Before: HUG and FERNANDEZ, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Roy Smith appeals his conviction for knowingly engaging in a sexual act with a minor in violation of 18 U.S.C. §§ 1153 & 2241(c).
 
 I.
 
 4
 Smith contends that the 10-year-old victim and her 11-year-old cousin recanted their testimony concerning the sexual assault, and that a judgment of acquittal should have been entered. A judgment of acquittal is appropriate only if after viewing the evidence in the light most favorable to the Government, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Zuno Arce, 44 F.3d 1420, 1424 (9th Cir.1995).
 
 
 5
 In reviewing the testimony of these children, there may have been some confusion in answering a few of the questions on cross-examination. However, the questions themselves were confusing. When reviewed in its entirety, the testimony of these children on direct examination, cross-examination, and redirect examination provides strong evidence of Smith's guilt. Furthermore, the physical evidence at the scene and the doctor's examination of the victim provide additional evidence to sustain the verdict of the jury.
 
 II.
 
 6
 Smith alleges that the Government made three improper statements in closing argument that warrant reversal of the conviction, which the defendant characterizes as vouching. As a general rule, a prosecutor may not express his opinion of the defendant's guilt or his belief in the credibility of the Government's witnesses. United States v. Necoechea, 986 F.2d 1273 (9th Cir.1993). Such vouching can occur in two ways: (1) when the prosecutor places the prestige of the Government behind the witness or (2) indicates that information known by the prosecutor but not presented to the jury supports the witness's testimony. United States v. Roberts, 618 F.2d 530, 533 (9th Cir.1980).
 
 
 7
 The first alleged vouching, the prosecutor's statement that a child witness recanted due to leading questions, is not vouching. The prosecutor did not state that he believed the witness, he merely argued a reasonable inference from the facts. See United States v. Molina, 934 F.2d 1440, 1444-46 (9th Cir.1991). Additionally, the second allegation of vouching, the prosecutor's statement that he was able to "clear everything up on redirect" is not improper in the context in which it was presented. The prosecutor merely stated that the victim's responses on redirect clarified her testimony.
 
 
 8
 The prosecutor's statement that the victim had never met the defense attorney before cross-examination also was not vouching but it did refer to a matter that was not in evidence. There was no evidence presented at trial that the victim had not met the defense attorney prior to cross-examination. While the statement about the victim not having met the defense attorney was improper, it was harmless. The prosecutor made a lengthy closing argument and mentioned this statement only once in passing, and in the context of why the children may have been frightened by the proceedings and the cross-examination. Furthermore, the district court's instruction to the jury that the lawyers' statements were not evidence cured any error on the part of the prosecutor. See United States v. Baker, 10 F.3d 1374, 1416 (9th Cir.), cert. denied, 115 S.Ct. 330 (1994).
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3